

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-13-2005

# Coleman v. Beard

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4250

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Coleman v. Beard" (2005). *2005 Decisions.* Paper 1193.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1193

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DPS-192                                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-4250
_____

SHERMAN COLEMAN,
Appellant


v.


JEFFREY BEARD, Secretary of Pennsylvania Department of
Corrections; NEAL MECHLING, Deputy, Superintendent at the
State Correctional Institution at Fayette; MICHAEL J.
HERBIK, Medical Director and Medical Doctor at the State
Correctional Institution at Fayette; PRISON HEALTH CARE SERVICES
INC.; PENNSYLVANIA DEPARTMENT OF CORRECTIONS, and as private
contract health care provider

_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 04-cv-1220)
District Judge: Honorable Kim R. Gibson

_____


Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
April 7, 2005

Before:  ROTH, BARRY AND SMITH, <u>CIRCUIT JUDGES</u>

(Filed: May 13, 2005 )


_____


OPINION

_____

PER CURIAM

Sherman Coleman appeals the District Court's order dismissing his complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). We conclude that his appeal lacks an arguable legal basis.

Coleman is incarcerated at the State Correctional Institution at Fayette ("SCI"). In August 2004, he filed a document entitled "Declaration in Support of Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction." Coleman's motion alleged that Dr. Michael J. Herbik, the Medical Director at SCI, had not permitted him to test his own blood glucose level. Herbik filed a motion to dismiss Coleman's motion. The Magistrate Judge recommended that Coleman's motion be construed as a complaint and that Herbik's motion to dismiss be granted. Coleman filed a response and an "amended" complaint. The complaint named Jeffrey A. Beard, Secretary of the Pennsylvania Department of Corrections; Neal K. Mechling, Superintendent at SCI; Dr. Herbik; Prison Health Care Services, Inc. and the Pennsylvania Department of Corrections. Coleman alleges that the defendants violated his Eighth Amendment, Fourteenth Amendment and state constitutional rights and discriminated against him under the Americans with Disabilities Act. The District Court dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. Coleman filed this timely appeal.

Deliberate indifference to serious medical needs is a violation of the Eighth

2

Amendment and actionable under 42 U.S.C. § 1983. Estelle v. Gamble, 429 U.S. 97, 103 (1976). To act with deliberate indifference is to recklessly disregard a substantial risk of serious harm. Farmer v. Brennan, 511 U.S. 825, 836 (1994). We agree that Coleman failed to plead a claim of deliberate indifference. Coleman does not allege that he is not receiving treatment for his diabetes; instead, he asserts that Herbik's medical treatment was not proper and that he should be permitted to check his own blood glucose level more often than on the first Monday of each month as provided for by Dr. Herbik's treatment regimen. Coleman's disagreement with the medical care provided by Herbik does not state an Eighth Amendment claim. See Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999).

The District Court correctly dismissed the complaint as to the remaining defendants because Coleman does not allege any personal involvement of these defendants; it is well-established that there is no respondeat superior liability in § 1983 actions. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Additionally, Coleman fails to allege any facts that would support a claim of discrimination pursuant to the ADA. See Taylor v. Phoenixville Sch. Dist., 184 F.3d 296, 306 (3d Cir. 1999).

We have reviewed "Plaintiff's Motion for Stay of Proceeding or Motion for Remand of Proceeding or Motion to Have Proceeding Dismissed Without Prejudice." In this document, Coleman attempts to amend his complaint by providing new information that he believes will demonstrate deliberate indifference to his serious medical needs.

3

Such claims would more properly be asserted in the District Court, either in a motion for relief pursuant to Rule 60(b), Fed. R. Civ. P., or in a new complaint. Accordingly, we deny this motion.

We will dismiss this appeal pursuant to 28 U.S.C. § 1915(e)(2)(B) as lacking any arguable basis in law.